Kerry S. Schaffer (SBN84706)
LAW OFFICES OF KERRY S. SCHAFFER
3527 Hacienda Drive
Santa Rosa, CA  95405
Tele:   (707)575-4075
Fax:    (707)575-8075
Email:  kerryschaffer@sbcglobal.net

Attorney For Plaintiff
KAREY THIBODEAUX NICKERSON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

(Sacramento)

| | |
|---|---|
| KAREY THIBODEAUX NICKERSON,<br><br>           Plaintiff,<br><br>  vs.<br><br>COUNTY OF NEVADA. a public entity, KEITH ROYAL, in his capacity as an individual, and DOES 1 to 20, inclusive,<br><br>           Defendants. | CASE NO.<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS BASED ON:<br><br>1.  42 U.S.C. §1983 [Equal Protection];<br><br>2.  RETALIATION [FEHA-Cal.Gov. Code §12490(j)&(k)]<br><br>AMOUNT IN CONTROVERY IN EXCESS OF $100,000.00<br><br>DEMAND FOR JURY TRIAL |

      Plaintiff Karey Thibodeaux complaints of Defendants County of Nevada, a public entity, and Keith Royal, in his capacity as an

COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

-1-

individual, as follows:

## PARTIES

1. Plaintiff Karey Thibodeaux Nickerson is a citizen of the United States, and a resident of Nevada County, California. Now employed in the private sector, Plaintiff was previously employed by Defendant County of Nevada, as a Legal Office Assistant in the Nevada County Sheriff's Office, during the period of 2006 until she was forced to resign on September 27, 2016.

2. Defendant County of Nevada is a public entity, with headquarters in Nevada City, California, and multiple departments, including that of the Nevada County Sheriff. At all times material to this complaint, Defendant Nevada County was and is an "employer" within the meaning of the California Fair Employment and Housing Act("FEHA"), California Government Code Section 12926(d).

3. Defendant Keith Royal is, and at all material times was, the Sheriff of Nevada County. As Sheriff, Keith Royal is and was the top of chain of command for all employees of that department, and by his actions or inactions sets the policies of that department, and together with the director of the Nevada County Human Relations Department and County Counsel, sets the policy of Defendant County of Nevada as to terminations of employment for County employees employed by the Sheriff's Department.

4. Defendant Keith Royal is sued herein in his capacity as an individual, only,

5. Plaintiff, while employed by Defendant County of Nevada, was known as Karey Thibodeaux. Recently married, for purposes of this Complaint, she goes by Karey Thibodeaux Nickerson.

COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

-2-

6. The true names and identities of Defendants Does 1 through 20 are presently unknown to Plaintiff, who alleges on information and belief that each of said Defendants Does 1 through 20 were agents or employees of Defendant County of Nevada, or were persons acting at the direction of, or in concert with Defendants, so as to violate Plaintiffs' civil rights and damage and/or injure her. Plaintiff will seek to amend this Complaint to add any such persons as defendants as soon as their true names and have been ascertained.

## JURISDICTION AND VENUE

7. Jurisdiction is proper in this district pursuant to Title 28 U.S.C. Code Sections 1331 and 1343(a)(3)&(4), Title 42 U.S.C. §1983 and the 14th Amendment to the United States Constitution, with supplemental jurisdiction for pendent state claim pursuant to Title 28 U.S.C. §1367(a). Venue is appropriate pursuant to to Title 28 U.S.C. §1391(b)(1)&(2)&(c)(1)&(2).

## EXHAUSTION OF ADMINSTRATIVE REMEDIES

8. Plaintiff Karey Thibodeaux Nickerson timely filed a charge of discrimination(retaliation) with the California Department of Fair Employment and Housing(hereinafter "DFEH") and on September 24, 2018 received her Notice of Closure and Right To Sue letter from the DFEH.

## FACTS

9. In 2006, Plaintiff(then known as Karey Thibodeaux) was hired by Defendant County of Nevada to work as a "legal office assistant" at the Sheriff's Department. Her work over the years included a variety of different support tasks, at several

COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL
-3-

locations staffed by the Sheriff's Department. Her performance evaluations were good and on one occasion, Plaintiff was nominated for County "employee of the year." In 2018, Plaintiff re-married and her last name now Nickerson, but for purposes of ease of recognition, Plaintiff is referred to as "Karey Thibodeaux" or "Karey Thibodeaux Nickerson."

10. While working at the Sheriff's Department, Plaintiff was subjected to various forms of sexual harassment by Sheriff Keith Royal, who on many occasions addressed Plaintiff as "Princess," engaged in discussions marked by sexual innuendo and frequently touched, rubbed and hugged Plaintiff.

11. In April, 2013, Plaintiff filed a formal complaint of sexual harassment against Sheriff Royal with the Nevada County Human Resources Department. At the time, some of her female co-workers were being harassed by the chief financial officer of the Sheriff's Department, against whom complaints were filed or made, and Plaintiff's complaint was part of a "boiling over" which erupted when the work environment became too hostile to accept any longer.

12. Shortly after the complaint was filed, and contrary to County policy, Sheriff Royal called Plaintiff into an office in the County Jail and confronted her, without her union representative present. Being alone with the Sheriff, Plaintiff was frightened and upset with this inappropriate behavior by Keith Royal. Her union representative had warned her that retaliation might occur if she filed her complaint, and that warning was coming to fruition via this intimidation by the Sheriff.

13. Shortly thereafter, when Plaintiff returned to her home

COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

-4-

after work, she was approached by a man who drove his car up next to her and made some menacing growling sounds towards her. This man appeared to be wearing a wig and his action frightened Plaintiff, causing her to run into her house. Plaintiff also had experienced some problems with her home computer and cell phone that led her to believe that she was being monitored, which she documented by reporting these issues to the County IT department, as well as her cell provider, Verizon.

14. Unnerved, Plaintiff formally withdrew her complaint against Keith Royal, who thereafter ceased his physical contacts and suggestive remarks. However Plaintiff's work environment over the next three years became very hostile, inclduing the following:

    A. Candy Poulter, her supervisor in Warrants at the Jail, refused to provide proper training for tasks that were new to Plaintiff (had worked in Records), despite numerous requests by Plaintiff, and made a negative comment about Plaintiff for her performance evaluation.

    B. Sgt. Sam Brown, Plaintiff's supervisor when she was transferred to Animal Control (located miles away from the Sheriff's Office and Jail), immediately attacked Plaintiff with a torrent of verbal abuse on her first day on the job there, starting when she came early to get organized for work in this new position. Brown became so abusive that Plaintiff became frightened and so upset that she got up and walked out. While walking down the road, she contacted her union representative, Gary

COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

    Winegar, who told her that he had been contacted by Human resources Driector Charles Wilson, who told Winegar that Plaintiff ahd better return to work or else.

  C. In another incident at Animal Control, a veterinary office staffer called about a lack of licensing of Sheriff Royal's family dog, who his wife had brought to the vet. Brown himself had also failed to license his dog, and when Plaintiff discovered that other deputies had also failed to license their dogs, Brown was enraged at Plaintiff, ultimately making a numerous negatives entries on Plaintiff's performance evaluation about the matter.

  D. Another supervisor, Sgt. Sean Scales, was also engaged in extreme verval abuse of Plaintiff, including one occasion where he was so angry that when he screamed at Plaintiff, his spittle sprayed into her face. He alos tried to deny her the right to take time off(she had plenty of vacation/sick leave), including for treatment of a medical problem.

15. Although her work environment had become exceedingly hostile after her filing of the complaint against Sheriff Royal, because she needed her job and health insurance, she continued her employment with the Sheriff's Department. However, she did other employment, including other County jobs in other departments, but was unsuccessful in doing so.

16. Plaintiff was living with her fiancee, Kurt Nickerson,

COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

-6-

on 1 acre, outside of Nevada City. Mr. Nickerson suffered from insomnia and his physician prescribed marijuana, after all other medications had failed to alleviate the insomnia. All proper documentation was prepared and filed. Since 1996, medical marijuana had been de-criminalized and doctors in California were allowed to prescribe marijuana for medical purposes(Proposition 215 and Health & Safety Code §11362.5). Pursuant to the new law, he was allowed to cultivate up to 6 plants to provide a supply of medical marijuana for treatment of his insomnia, subject to county zoning ordinances which did regulate where marijuana could be grown and how much could be grown at any one location. So Mr. Nickerson began to cultivate and use marijuana to treat his insomnia, with the treatment being successful.

17. Although Plaintiff resided with her fiancee, she did not use marijuana. She was never given any policy by the Sheriff's Department that prohibited her from living with someone who cultivated and used medical marijuana. However, some years before, a Sheriff's Department sergeant, whose wife and son were illegally cultivating(per information and belief as to discussions at the Sheriff's office to which Plaintiff was privy), may have had to move out of his residence, but there was apparently no criminal investigation or prosecution of that sergeant.

18. On September 21, 2016, Sheriff's Deputy Sina Ghaffarpour, apparently acting on a hotline complaint, posted a "Marijuana Inspection Notification" on the front door of Kurt Nickerson's house. Mr. Nickerson hadn't heard the doorbell, but noticed the posting on his front. Upon investigating, he saw the Deputy's car and spoke with him. Mr. Nickerson readily

COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL
-7-

admitted to cultivating his 6 plants, invited the Deputy to them, and produced his medical marijuana documentation. Deputy Ghaffarpour informed him that the size of his lot was too small to satisfy the minimal lot size requirement, the plants were slightly visible from outside their enclosure and that they would have to destroyed because under the law, the cultivation constituted a nuisance. He wrote up a civil nuisance abatement citation for Mr. Nickerson(which required compliance within 5 days, with civil monetary penalties for non-compliance, including enforcement costs) and advised him that he could harvest the buds, and then call to let the Sheriff's Department know that the plants had been destroyed and the nuisance abated.

19. Mr. Nickerson harvested the leaves, destroyed the plants and called the Sheriff's Department to inform he had abated the nuisance. No one from the Sheriff's Department called back to schedule an abatement inspection.

20. Instead, on September 22, 2016, Plaintiff was informed that she was being placed on adminstrative leave(when she came in for work), given written notice, and escorted from the building, with no explanation. Plaintiff was humiliated in front of her co-workers.

21. On September 26, 2016, Sgt. Sam Brown came to Plaintiff's residence and gave plaintiff a written notice that he was going to interrogate her the next morning. Plaintiff told him that because of his past treatment of her, she did not want him to be the one to do the interrogation. Brown told her that he was the person assigned and that he would conduct it.

22. Plaintiff was scared of what the Sheriff might do to her

and her husband, since Kurt's cultivation and possession of his was not a crime, but only a civil infraction, subject to abatement and potentially a fine. Having seen many circumstances of improper behavior by Sheriff Royal and other officers and employees of the Sheriff's Department, her fears were not unjustified.

23. Plaintiff called her union representative, Gary Winegar, who was not particularly sympathetic. He suggested that he could "make it all go away" if she would just resign. Plaintiff asked if she did, whether she could obtain unemployment compensation until she could find new employment. Winegar then contacted Charles Wilson, who agreed by email that if she did not "disparage" the County, it would not oppose her obtaining unemployment compensation. When Plaintiff told Winegar that she felt she should get an attorney, he then declared that he "was out," and would not represent her the next morning.

24. Faced with being unable to find an attorney on such short notice and fearful as to what a vengeful Sheriff Royal might do to her husband, her employment reputation and the institution of possible criminal proceedings, her employment with the Sheriff's Department had become intolerable. Plaintiff therefore agree to resign under these pressures, including an extremely hostile work environment.

25. The next morning, Captain Jeff Pettitt came to her house, prepared a resignation letter for her to sign and presented her with a "Settlement Agreement," a true copy of which is attached hereto and made a part of this Complaint(including the email of Charles Wilson re unemployment compensation).

COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

26. Plaintiff filed for unemployment insurance and because she had agreed not to disparage the County, she listed the reason for leaving her job as being due to stress.

27. Contrary to Charles Wilson's promise not to oppose Plaintiff's application for unemployment insurance, the County reneged and effectively opposed Plaintiff's application by failing to inform the EDD office of all of the circumstances surrounding the Settlement Agreement, including Wilson's promise to Plaintiff.

28. When the EDD denied Plaintiff's application and she appealed, she was allowed to consult with an adminstrative law judge, who told her to lay out all the facts and circumstances for the Adminstrative Law Judge who would hear her appeal.

29. At the EDD hearing on January 11, 2017, the County was represented by several County employees, including Susan Kadera, who told the judge that she knew nothing about any settlement agreement, only that Plaintiff had quit without giving notice, with no reason given, and that continued work was available and Plaintiff's job was not in jeopardy. On other EDD appeals, Joseph Salivar, the Undersheriff, appeared and testified, but not in this case, even though he had signed the Settlement Agreement on behalf of the County.

30. The judge hearing Plaintiff's appeal ruled in her favor, given the settlement agreement and Wilson's promise. Effectively, the judge found that Plaintiff had good cause to resign. The ruling is now final.

31. Plaintiff eventually was able find part-time employment in Nevada County, but her compensation and benefits are much less than what she had earned while working for the County of

COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

Nevada. It is highly improbable that Plaintiff would ever be able work for any law enforcement agency again given the extremely broad scope of background investigations employed by such agencies. Under the circumstances, Plaintiff has suffered and will continue to suffer a very substantial loss of earnings and benefits.

32. Plaintiff has suffered emotional distress as a result of being forced to resign under threat of criminal prosecution and is constantly fearful that Keith Royal will retaliate further, to the extent that Plaintiff and her husband intend to move out of Nevada County as soon as circumstances will allow. Without health insurance, Plaintiff has not obtained counseling, which she had received on previous occasions while employed by the County of Nevada, but would have sought if economically comfortable.

### FIRST CLAIM FOR RELIEF

### VIOLATIONS OF RIGHTS SECURED BY THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT
(42 U.S.C. §1983-All Defendants)

33. Plaintiff realleges and incorporates by reference herein the allegations of paragraphs 1 through 32, above.

34. Plaintiff is a member of two protected classes:

    a. Person of the female gender; and

    b. Employee of County of Nevada who made a complaint of sexual harassment against the Sheriff, Keith Royal.

35. Although not Plaintiff's direct supervisor, Keith Royal, as Sheriff, was Plaintiff's ultimate superior in the change of command. His actions towards Plaintiff, as an employee of a governmental agency, the County of Nevada, towards Plaintiff, were therefore taken under color of law.

COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL
-11-

36. As a result of Plaintiff's formal complaint of sexual harassment, she was subjected to a hostile work environment, which was known to and encouraged by Keith Royal, to such a degree that her workplace conditions became intolerable and she was forced to resign. In causing Plaintiff to resign, Keith Royal was acting in retaliation for Plaintiff's complaint of sexual harassment

37. Further, unlike male employees of the Sheriff's Department who resided with persons who cultivated marijuana, who were not threatened with criminal prosecution, Plaintiff was subjected to the threat of an internal affairs investigation and criminal prosecution for residing with her fiancee, a properly documented medical marijuana user, whose cultivation of marijuana was by law only a civil infraction because of the County of Nevada's zoning-based ordinance. These actions were taken under the direction of Keith Royal, along with County Counsel and the Charles Wilson, the Director of Human Resources, whose actions constituted the official policy of the County of Nevada, for the express purpose of causing Plaintiff to resign.

38. All of the actions taken by Defendant Royal, or by those acting on his behalf as mentioned herein, including the creation of an intolerable work environment, were done by Royal while acting under color of state law, and had the effect of depriving Plaintiff of rights secured by the Constitution and laws of the the United States, specifically the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

39. Defendant Royal's actions were intended to violate Plaintiff's constitutional right of equal protection, and were

therefore the result of malicious and oppressive conduct.

39. As a proximate result of Defendants wrongful acts, Plaintiff suffered a loss of back pay and benefits, and will suffer a loss of front pay and benefits, in amounts to be proven at trial.

40. As a further proximate result of the wrongful acts of Defendants, plaintiff has suffered emotional distress, including humilation, fright, fear, nervousness and upset, and will continue to suffer emotional distress in the future. Damages attributable to such emotional distress shall be proven at trial.

## SECOND CLAIM FOR RELIEF

### RETALIATION
### (FEHA-Against Defendant County of Nevada)

41. Plaintiff realleges and incorporates by reference herein the allegations of paragraphs 1 through 32, above.

42. In reporting sexual harassment by Keith Royal, Plaintiff engaged in activity protected under California government Code Section 12940(n).

43. As a result of Plaintiff engaging in protected activity, Defendant created a hostile work environment for Plaintiff to such to such a degree that working conditions became intolerable and Plaintiff was forced to resign.

44. The creation of the hostile working environment resulting in intolerable work conditions, was proximately caused by Defendant's retaliation against Plaintiff for reporting Royal's sexual harassment.

45. As a proximate result of Defendant's retaliation that forced Plaintiff to resign, she suffered a loss of back pay and benefits, and will suffer a loss of front pay and benefits, in

amounts to be proven at trial.

46. As a further proximate result of the wrongful acts of Defendant, Plaintiff has suffered has suffered emotional distress, including humilation, fright fear, nervousness and upset, and will continue to suffer emotional distress in the future. Damages attributable to such emotional distress shall be proven at trial.

## PRAYER FOR JUDGMENT

WHEREFORE, Plaintiff Karey Thibodeaux Nickerson prays for judgment against Defendants as follows:

1. For all actual, consequential and incidental financial losses including front pay, back pay and all benefits;
2. For compensatory and general damages in an amount according to proof;
3. For punitive damages in an amount deemed just against Defendant Keith Royal;
4. Reasonable costs and attorney's fees as allowed by law; and
5. Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demand a trial by jury on all claims.

DATED: September 27, 2018     LAW OFFICES OF KERRY S. SCHAFFER

BY: *(signature)*
KERRY S. SCHAFFER
Attorney for Plaintiff
KAREY THIBODEAUX NICKERSON

# EXHIBIT A

**SETTLEMENT AGREEMENT
BETWEEN
THE COUNTY OF NEVADA
AND
Karey Thibodeaux**

## RECITALS

A.  The parties to this Agreement are the County of Nevada (hereinafter "County"), and Karey Thibodeaux (hereinafter, "Releasor").

## TERMS

1.  The County will cease and forego any Internal Affairs Investigation and will not pursue or investigate any criminal activity related to the unlawful marijuana cultivation discovered on or about September 21, 2016.  This Agreement does not preclude any future law enforcement action or civil abatement action related to any other unlawful activity conducted by or associated with Releasor.

2.  Releasor agrees to effectuate her resignation from the County.  However, failure to sign such documents shall not affect the validity of this agreement as an official resignation from employment by Releasor.

3.  Releasor understands that in settling this matter she waives her right to appeal this matter and agrees not to file any action, grievance or complaint with any court or agency regarding his employment by the County or the terms and conditions upon which this Settlement Agreement is based; such waiver includes all claims arising under any state or federal rule, regulation, statute, or case law. Furthermore, such waiver extends to the County's employees, agents, and successors to the same extent as it applies to the County.  She hereby releases, and forever discharges, the County from any claims under state or federal law, including Title VII and Department of Fair Employment and Housing claims.

5.  Releasor certifies that she has read Section 1542 of the Civil Code, set out below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

6.  Releasor hereby waives application of Section 1542 of the Civil Code.

EXHIBIT A

A-1

7.    To the extent allowed by law, particularly the Public Records Act, the parties shall treat this settlement agreement as confidential.

Releasor acknowledges that she fully and completely understands the terms of this agreement.

Date: ___9-27-16___      _____
                         Karey Thibodeaux

Date: ___9-27-2016___    _____
                         Joseph Salivar, Undersheriff

A-2

**Subject:** Fwd: Unemployment Eligibility, Karey Thibodeaux
**From:** Karey Thibodeaux (kareyt@ymail.com)
**To:** kerryschaffer@sbcglobal.net;
**Date:** Tuesday, June 12, 2018 7:20 PM

Sent from my iPhone

Begin forwarded message:

> **From:** Gary Winegar <gwinegar@local39.org>
> **Date:** September 26, 2016 at 5:31:24 PM PDT
> **To:** "kareyt@ymail.com" <kareyt@ymail.com>
> **Subject: FW: Unemployment Eligibility, Karey Thibodeaux**
>
> FYI
>
> **From:** Charlie Wilson [mailto:Charlie.Wilson@co.nevada.ca.us]
> **Sent:** Monday, September 26, 2016 5:07 PM
> **To:** Gary Winegar <gwinegar@local39.org>
> **Subject:** Unemployment Eligibility, Karey Thibodeaux
>
> Mr. Winegar, in follow-up to our telephone conversation, if Ms. Thibodeaux files for unemployment and is deemed eligible for benefits, the County of Nevada will not appeal such a claim as long as the nature of the claim does not disparage the County. Please let me know if you require clarification. Thank you, Charlie.
>
> **Charlie Wilson**
>
> Director of Human Resources
>
> County of Nevada
>
> 950 Maidu Avenue

A-3